1
2
3
4
5
6                      IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
9   United States of America,              )   CR 04-0859-PHX-FJM
                                           )
10            Plaintiff-Respondent         )   CV 05-3869-PHX-FJM (ECV)
                                           )
11  vs.                                    )
                                           )   **REPORT AND RECOMMENDATION**
12                                         )
    Alfonso Arreguin-Beltran,              )
13                                         )
              Defendant-Movant.            )
14                                         )
                                           )
15  _____      )

16  TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT
    JUDGE:
17
                                  **BACKGROUND**
18
            Alfonso Arreguin-Beltran ("Movant"), has filed a *pro se* Motion to Vacate, Set Aside
19
    or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Doc. #55.
20
    On February 3, 2005, Movant pleaded guilty to Count 2 of the Indictment, possession with
21
    intent to distribute five kilograms or more of cocaine, a class A felony in violation of 21
22
    U.S.C. § 841(a)(1), (b)(1)(A)(ii) and 18 U.S.C. § 2. Doc. #60 at 27. On April 18, 2005,
23
    Movant was sentenced to the custody of the Bureau of Prisons for 70 months followed by
24
    supervised release for three years. Doc. #61 at 16. Movant filed his motion to vacate on
25
    December 1, 2005. Doc. #55. The District Court screened the motion in an order filed on
26
    May 30, 2006, and ordered the motion to be served upon Respondent. Doc. #57.
27
28

Movant alleges six claims for relief in his motion.  First, he alleges that his guilty plea was not knowingly and voluntarily entered due to ineffective assistance of counsel.  Second, Movant alleges that his attorney failed to seek a downward departure based on aberrant behavior.  Third, Movant alleges that his attorney failed to seek a downward departure based on his status as a deportable alien.  Fourth, Movent alleges that his attorney failed to seek a downward departure based on Plaintiff's compliance with the "fast track" program.  Fifth, Movant alleges that his attorney failed to seek a downward departure pursuant to the "early disposition" program.  Finally, Movant alleges that the U.S. Supreme Court decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), justifies a downward departure based on a mitigating circumstance not adequately taken into consideration by the guidelines.  On July 25, 2006, Respondent filed a Response in Opposition to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  Doc. #62.  On August 21, 2006, Respondent filed a Notice of Service stating that the response was mailed to Movant's new address on August 18, 2006.  Doc. #63.  Movant has not filed a reply.

## DISCUSSION

The government argues in its response that Movant's request to vacate, set aside or correct the sentence is foreclosed by a waiver of collateral review in the plea agreement.  In addition, the government addresses the merits of each of Movant's claims.  Movant has presented nothing to challenge the waiver in his plea agreement.

**A.     Waiver**

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face.  <u>United States v. Jeronimo</u>, 398 F.3d 1149, 1153 (9th Cir. 2005), <u>cert. denied</u>, 126 S.Ct. 198 (2005).  A waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made.  <u>Id.</u>  In addition to a waiver of direct appeal rights, a defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence.  <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994); <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1992), <u>cert. denied sub</u>

nom. <u>Abarca-Espinoza v. United States</u>, 508 U.S. 979 (1993).  A waiver of the right to bring a § 2255 action likely would not include a claim that the waiver itself was involuntary or that ineffective assistance of counsel rendered the plea involuntary.  <u>See</u> <u>Pruitt</u>, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain).

Here, Movant's express waiver in his plea agreement stated in relevant part:

> The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

Doc. #62, Exh. A at 4.  Movant testified during the change of plea proceedings that he understood his plea agreement, that it reflected all of his agreements with the government, and that he agreed with everything in it.  Doc. #60 at 10, 12-13.  More specifically, Movant stated that he understood that by entering the plea agreement he could not appeal or collaterally attack the validity of the resulting conviction and sentence, provided the sentence was consistent with the terms of the agreement.  Doc. #60 at 9.  When asked if he was pleading guilty voluntarily, Movant answered "yes." Doc. #60 at 14.  Movant signed the plea agreement indicating that he understood and agreed to all of its terms and conditions.  Doc. #62, Exh. A at 7-8.

Claims two through six of Movant's § 2255 motion to vacate do not pertain to the voluntariness of the plea agreement or the waiver.  As a condition of his plea agreement, Movant expressly waived his right to raise these issues by way of a direct appeal or collateral attack and his guilty plea was accepted as knowingly, intelligently and voluntarily made. Consequently, the court finds that Movant waived claims two through six of his § 2255 motion and recommends that they be denied.  Thus, the only claim that requires consideration on the merits is Movant's first claim that due to ineffective assistance of counsel, his guilty plea was not knowingly and voluntarily entered.

**B.     Ineffective Assistance of Counsel**

The two-prong test for establishing ineffective assistance of counsel was set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. <u>Strickland</u>, 466 U.S. at 689-90. The <u>Strickland</u> test also applies to challenges to guilty pleas based on ineffective assistance of counsel. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). A defendant who pleads guilty based on the advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel fell below the level of competence demanded of attorneys in criminal cases. <u>Id.</u> at 56. To satisfy the second prong of the <u>Strickland</u> test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Id.</u> at 59.

Movant claims that with respect to the first prong of <u>Strickland</u>, his attorney "misrepresented and misadvised the plea to the defendant about the condition of his plea bargain, specifically inquired by defendant, in as much as counsel knew that defendant's whole behavior and guilty plea was structured to avoid a plea agreement that would not result in a long sentence or prison time." Doc. #55 at 3. Movant presents nothing beyond this vague assertion to explain precisely how his attorney "misrepresented or misadvised" about the impact of the plea agreement. Movant can point to no specific advice from his attorney that he relied on and that was erroneous. Moreover, during the change of plea proceedings, Magistrate Judge Anderson discussed the plea agreement at length and repeatedly made sure that Movant understood its terms and the possible sentences that could result. Judge Anderson explained to Movant that because of many factors that were still unknown, nobody could tell him precisely what sentence he would receive. Doc. #60 at 17. Movant has failed to demonstrate deficient performance by his lawyer.

1    Regarding the second prong of Strickland, Movant contends that his sentence would

2    have been lower if his attorney "had investigate[d] and presented all the mitigating evidence

3    to the court at sentencing."  Doc. #55 at 3.  He claims he would not have entered the plea

4    agreement if he had known how long his sentence would be.  Movant, however, fails to

5    specifically explain what mitigating evidence should have been investigated and presented.

6    He has identified no specific mitigating factors that his lawyer should have presented and

7    thus he cannot show that presenting additional mitigating factors would have made a

8    difference.

9    Movant has presented nothing to show that his lawyer's representation fell below an

10   objective standard of reasonableness or that the result of the proceeding would likely have

11   been different if not for his attorney's deficient performance.  Accordingly, Movant's claim

12   that ineffective assistance of counsel rendered his plea agreement involuntary is without

13   merit.  The change of plea transcript clearly demonstrates that Movant understood what he

14   was doing and voluntarily entered the plea agreement.  The court therefore recommends that

15   this claim be denied.

16   **IT IS THEREFORE RECOMMENDED:**

17   That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal

18   Custody pursuant to 28 U.S.C. § 2255 (Doc. #55) be **DENIED**;

19   This recommendation is not an order that is immediately appealable to the Ninth

20   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

21   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

22   parties shall have ten days from the date of service of a copy of this recommendation within

23   which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

24   Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

25   response to the objections. Failure to timely file objections to the Magistrate Judge's Report

26   and Recommendation may result in the acceptance of the Report and Recommendation by

27   the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

28   1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

DATED this 14th day of November, 2006.

Edward C. Voss
United States Magistrate Judge